Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd. Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZAL SAADA, individually and on behalf of all others similarly situated, | ) CASE NO.:    2:21-cv-4250 ) |
| Plaintiff, | ) ) ) |
| v. | ) CLASS ACTION ) COMPLAINT FOR DAMAGES |
| MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC. and DOES 1 through 10 inclusive, | ) ) ) |
| Defendants. | ) ) |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her class action complaint against the Defendants MIDLAND CREDIT MANAGEMENT, INC. and ENCORE CAPITAL GROUP, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also claims violations

1

under California Business and Professions Code §17200, et seq., which prohibits unfair competition, including any unlawful, unfair or fraudulent business act, and intrusion upon seclusion.

## PARTIES

2.  Plaintiff Mazal Saada is a "consumer" as defined pursuant to 15 U.S.C. § 1692a and is a natural person residing in Los Angeles County, California.

3.  Upon information and belief, the Defendant Midland Credit Management, Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 a(6) and Cal. Civil Code §1788.2 and a "creditor" as defined pursuant to Cal. Civil Code §1788.2, with its principal place of business in San Diego, CA.

4.  Upon information and belief, Defendant Encore Capital Group, Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in San Diego, CA.

## JURISDICTION

5.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendants regularly conduct business in this district.

## FACTUAL ALLEGATIONS

6.  The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

7.  That a personal debt was allegedly incurred by Plaintiff to one Comenity Bank.

8.  That at a time unknown to Plaintiff herein, Defendant Midland Credit Management, Inc. (hereinafter referred to as "Defendant MCM") obtained and/or purchased Plaintiff's alleged account and began its collection efforts on the account.

9.   That at all times relevant herein, Defendant MCM acted as an agent and under the direction of Defendant Encore Capital Group, Inc., which is its parent company.

10.  That Defendants, on or about March 2, 2021, filed a lawsuit against the Plaintiff, case no.21CHLC07080, Chatsworth Courthouse (hereinafter referred to as the "Collections Lawsuit") in an attempt to collect on the aforementioned debt.

11.  That notwithstanding the pending Collections Lawsuit, Defendants continued to communicate with the Plaintiff by sending her dunning notices.

12.  That the Defendants, in an attempt to collect on the aforementioned debt, sent Plaintiff a dunning letter dated April 21, 2021 (hereinafter referred to as the "4/21/2021 dunning letter").

13.  That the 4/21/2021 dunning letter contained the following language, in pertinent part: "Congratulations! You have been preapproved for a discount program designed to save you money on your **Legal Collections** account without any further legal action." (emphasis added)

14.  That at the bottom of the 4/21/2021 dunning letter, Defendants include the following warning, in pertinent part: "A **judgment could be awarded by the court** before the expiration of the discount offer listed in this letter.  A judgment may include costs and post-judgment interest which may increase the balance owed.  If you pay the discount offer in this letter by 05/21/2021, **we will satisfy the judgment** in full upon receipt of payment based on the balance stated in this letter…" (emphasis added)

15.  That on the backside of the 4/21/2021 dunning letter, Defendants refer the Plaintiff to a "Midland Credit Management, Inc. **Legal Collection** account number." (emphasis added)

16.  That approximately two days later, Defendants mailed Plaintiff yet another dunning notice, dated April 23, 2021, (hereinafter referred to as the "4/23/2021 dunning letter") in their attempts to collect on the aforementioned debt.

17. That the 4/23/2021 dunning letter contained the following heading in large, all caps and bold print: **"A LAWSUIT HAS BEEN FILED AGAINST YOU"** (emphasis in the original)

18. That the 4/23/2021 dunning letter referenced the following information: "Court File Number: 21CHLC07080."

19. That in the 4/23/2021 dunning letter, the following language, which was highlighted, marked and in a larger font, reads as follows, in pertinent part: "Great opportunity to settle and resolve this lawsuit."

20. That the 4/23/2021 dunning letter also stated the following, in pertinent part: "You have recently been served with a copy of the lawsuit filed against you on the account which is owned by Midland Credit Management, Inc.."

21. That in the 4/23/2021 dunning letter, Defendants include the following warning (in bold print), in pertinent part: "**As a reminder, if we are unable to resolve the matter voluntarily, we may seek a judgment against you. If a judgment is obtained, it may be enforced in accordance with applicable state laws.**" (emphasis in the original)

22. That at the bottom of the 4/23/2021 dunning letter, Defendants include a "Payment Certificate" which contained the following: "**YES! I want to resolve this debt & lawsuit**." (emphasis in the original)

23. That upon information and belief, the conduct of all Defendants to collect on the alleged account confused and deceived Plaintiff as to the status of her account.

24. That the communications from Defendants were false, deceptive and misleading, insofar as the Defendants use form letters to confuse the least sophisticated consumer, like the Plaintiff.

25. That the communications from Defendants were used to threaten and intimidate the Plaintiff with the various references to "Legal Collections," "judgment," and "lawsuit."

26. That the Defendant's dunning notices were confusing and contradictory, in the various ways they referenced "Legal Collections" and in the various ways the letters discussed a "judgment."

27. That the sequence of Defendants' dunning notices is meant to create confusion as to the status of the underlying account - although the Collections Lawsuit was filed prior to when the 4/21/2021 dunning letter was generated and mailed out, it isn't mentioned until the 4/23/2021 dunning letter.

28. That the Defendants persisted with abusive and harassing conduct against Plaintiff in an effort to collect payment on a debt by means of duress and coercion.

29. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, sleepless nights and monetary losses.

### AS AND FOR A FIRST CAUSE OF ACTION

30. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. That Defendants' conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

32. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair.

      i. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;

      ii. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;

      iii. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

      iv. Defendants violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by

contradicting and mischaracterizing Plaintiff's rights, by mischaracterizing the status of the account and by failing to clearly indicate the amount allegedly owed.

33. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, threatening, confusing, misleading, deceptive and/or unfair, all in an effort to collect on alleged debts.

34. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

35. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

37. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

    i.  Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

    ii.  Defendants have violated §1788.13(j) with its false and misleading representations regarding legal proceedings; and

    iii.  By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

38. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained,

other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

39. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

40. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

41. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

43. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

44. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

45. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

46. That the Defendants have been unjustly enriched by committing said acts.

47. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

48. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

Class Action Complaint for Damages

49. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover her actual damages and restitution.

## AS AND FOR A FOURTH CAUSE OF ACTION

50. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

51. That Plaintiff had a reasonable expectation of privacy.

52. That Defendant intentionally intruded in Plaintiff's privacy by, among other things, communicating with Plaintiff in order to coerce, deceive and intimidate the Plaintiff.

53. That Defendant's intrusion would be highly offensive to a reasonable person.

54. That Plaintiff was harmed by Defendant's conduct.

55. That Defendant's conduct was a substantial factor in causing Plaintiff's harm.

56. That Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting on a debt and thereby invading, and intruding upon Plaintiff's rights to privacy.

57. That Defendant acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

58. That the actions taken by the Defendant indicate a willingness to execute, maintain, and pursue improper business practices.

59. That in pursuing their egregious, and unlawful debt collection efforts against Plaintiff, the Defendant acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294(c)(1),(2),(3).

## CLASS ALLEGATIONS

60. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

61. The first cause of action is brought on behalf of Plaintiff and the members of a class.

Class Action Complaint for Damages

62. That the class consists of all persons whom Defendants' records reflect (a) resided in the state of California, (b) received collection notices bearing the Defendants' letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (c) the correspondence was sent to consumers seeking payment of a consumer debt; and (d) that the correspondence contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

63. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the collection activity, including Defendants' form letters, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendants.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

64. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

65. Collection lawsuits, pleadings, letters, statements and/or reports, such as those sent by, or at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

66. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    i. Defendants have violated 1692d by harassing and engaging in oppressive and abusive conduct against the Plaintiff and putative class members;

    ii. Defendants have violated 1692e by using false representations, employing deceptive and misleading means and taking legal actions that could not be legally taken, in an attempt to collect a debt;

    iii. Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    iv. Defendants have violated 1692g by using misleading and overshadowing language and mischaracterizing debtor rights and/or the status and amounts of alleged accounts.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) An order certifying the class defined above, appointing Plaintiff as class representative and appointing her attorney as class counsel;

(b) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c)     Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., California Business and Professions Code §§17200, et seq. and Cal. Civ. Code §3294;

(d)     Special, general, and compensatory damages and punitive damages;

(e)     Equitable and injunctive relief;

(f)     Restitution;

(g)     Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq.*, common law and/or the Court's inherent power; and

(h)     For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: May 21, 2021                              Respectfully Submitted,

                                                  /S/ Amir J. Goldstein, Esq._____
                                                 Amir J. Goldstein, Esq.
                                                 **Attorney for Plaintiff**
                                                 The Law Offices of Amir J. Goldstein, Esq.
                                                 7304 Beverly Blvd, Suite 212
                                                 Los Angeles, CA 90036
                                                 Tel 323.937.0400
                                                 Fax 866.288.9194